UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. SECURITIES AND EXCHANGE
COMMISSION

                              Plaintiff,                          **ORDER**

            - against -                                        23 Civ. 6573 (PGG)

CLARICE SAW,

                              Defendant.

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Securities and Exchange Commission (the "SEC") brings this civil enforcement action against Defendant Clarice Saw, alleging that Saw misappropriated approximately $2.4 million from Fu Sheng Jiang, an elderly man who was one of her brokerage clients.  (Cmplt. (Dkt. No. 1) ¶ 1)  The SEC alleges that Saw's misappropriation constituted securities fraud in violation of 15 U.S.C. § 77q(a)(1) and (a)(2) of the Securities Act of 1933, 15 U.S.C. § 78j(b) of the Securities Exchange Act of 1934, and 17 C.F.R. § 240.10b-5 ("Rule 10b-5").  (Id. ¶¶ 57-62)  In a July 25, 2025 Memorandum Opinion & Order, this Court granted the SEC's motion for summary judgment as to liability.[1]  (July 25, 2025 Mem. Op. & Order (Dkt. No. 39) at 27)[2]

        In a November 25, 2025 motion, the SEC asks this Court to enter an order imposing the following remedies against Saw:  "(1) $640,587.30 in disgorgement and $98,144.04 in prejudgment interest thereon; (2) a $640,587.30 civil monetary penalty; and (3) an

---

[1]  Familiarity with this Court's July 25, 2025 Memorandum Opinion and Order is assumed.
[2]  The page numbers of documents referenced in this order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

1

injunction against Saw's committing or engaging in specified actions or activities relevant to future violations of Section 10(b) of the Securities Exchange Act of 1934 (and Rule 10b-5 thereunder), and Section 17(a) of the Securities Act of 1933."  (Mot. for Remedies (Dkt. No. 46) at 1)  In a December 26, 2025 letter, Saw's counsel states that Saw "does not wish to file any opposition papers to the present SEC motion."  (See December 26, 2025 Barnett Letter (Dkt. No. 51))

This Court has reviewed the parties' recent submissions and their summary judgment submissions, and concludes that the remedies requested by the SEC are appropriate in light of the Defendant's conduct.  The disgorgement remedy requested by the SEC amounts to "'a reasonable approximation of profits causally connected to [Saw's] violation,'" SEC v. Ahmed, 72 F.4th 379, 397 (2d Cir. 2023) (quoting SEC v. Fowler, 6 F.4th 255, 267 (2d Cir. 2021)), and the prejudgment interest sought "reflects what it would have cost to borrow the money from the government and therefore reasonably approximates one of the benefits the defendant derived from [her] fraud."  SEC v. First Jersey Sec., Inc., 101 F.3d 1450, 1476 (2d Cir. 1996).  The SEC's requested civil penalty of $640,587.30 – Saw's net pecuniary gain – is justified "'in light of the facts and circumstances'" of Saw's fraud.  See SEC v. O'Brien, 674 F. Supp. 3d 85, 104 (S.D.N.Y. 2023) (quoting SEC v. Rajaratnam, 918 F.3d 36, 44 (2d Cir. 2019)).  Finally, the SEC has demonstrated that its requested injunction comports "with traditional principles of equity."  See Starbucks Corp. v. McKinney, 144 S. Ct. 1570, 1756 (2024) ("When Congress empowers courts to grant equitable relief, there is a strong presumption that courts will exercise that authority in a manner consistent with traditional principles of equity").  Accordingly, the SEC's motion is granted.

2

The Clerk of Court is directed to terminate the motion (Dkt. No. 46).  By **April 3, 2026**, the SEC will submit a proposed Judgment consistent with this Order.  Defendant will submit any objections to the proposed Judgment by **April 10, 2026**.

Dated:  New York, New York
        March 27, 2026

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

3